## NASHUA & LOWELL RAILROAD CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9494.        Promulgated October 4, 1927.

Many years prior to the taxable year petitioner leased its railroad and property for a term of years, the lessee agreeing to pay all Federal income taxes imposed upon the lessor with reference to the rental. The lessee paid the Federal tax upon the net income

returned by petitioner for each year subsequent to the lease. *Held,* the amount of tax so paid constitutes additional income to the petitioner for the year in which such tax became due and was paid.

*J. S. Y. Ivins, Esq.,* and *O. R. Folsom-Jones, Esq.,* for the petitioner.

*M. N. Fisher, Esq.,* and *P. J. Rose, Esq.,* for the respondent.

The Commissioner determined a deficiency in income and profits tax for the calendar year 1919 in the amount of $1,074.65. He determined an overassessment for the calendar year 1920 of $125.23, not arising from the denial of an abatement claim.

The issues involved are (1) whether the payment, under the terms of a lease, of the lessor's income tax by the lessee constitutes additional income to the lessor; (2) whether the Commissioner correctly reduced invested capital for 1919 by the amount of 1918 profits tax prorated from the dates of payment, and (3) whether the Commissioner erred in reducing invested capital for 1919 by a portion of dividends paid in 1919 claimed by the Commissioner to be in excess of available current earnings at the time of payment.

### FINDINGS OF FACT.

During the taxable year the petitioner was a Massachusetts corporation with principal office at Boston. It was the owner of a railroad which it had leased to the Boston & Maine Railroad under a lease which provided, *inter alia,* that the lessee would pay the Federal income tax of the lessor. The income tax of the petitioner for each year was payable and was paid by the lessee in the following year.

The Commissioner computed a Federal income tax of $7,080.68 on the petitioner's income for the calendar year 1919, as revised by him, and added the said amount of $7,080.68 to petitioner's taxable income for the year 1919.

The income-tax return of petitioner for the calendar year 1918 showed a tax liability of $8,425.91, computed upon the income of petitioner for that year without the inclusion therein of any amount on account of tax paid by petitioner's lessee. This tax of $8,425.91 was paid by petitioner's lessee during the calendar year 1919. Petitioner kept its books and rendered its return on an accrual basis.

In determining the deficiency the Commissioner reduced petitioner's invested capital for the year 1919 in the amount of $4,523.83, representing the amount of petitioner's income and profits tax for 1918 prorated from the dates due and payable in 1919.

The Commissioner, also, in computing the net earnings of petitioner available for the payment of dividends on each particular date

of payment during the year 1919 reduced the taxable year's book income in the amount of Federal income taxes accrued on the year's taxable income and treated the income, less taxes, as having been earned ratably throughout the taxable year. The net income however was received from rentals semiannually and dividends were paid semiannually out of such rentals as received. The rentals in each case were sufficient to pay dividends, that is rentals receivable on April 1 and October 1, and dividends not in excess thereof, were paid on May 1 and November 1, 1919.

OPINION.

LITTLETON: In *Appeal of Providence & Worcester Railroad Co.*, 5 B. T. A. 1186, the Board held that the amount of tax upon the income of the lessor and paid by the lessee, under the terms of a lease such as we have here, constituted additional taxable income to such lessor in the year in which such tax was paid by the lessee. On the authority of that decision petitioner's tax for 1919 should be recomputed by including in income the amount of $8,425.91 representing the tax upon petitioner's income for 1918 and paid by the lessee in 1919.

The second issue is governed by the Board's decision in *Russel Wheel & Foundry Co.*, 3 B. T. A. 1168. The Commissioner's action in regard to this issue is therefore approved.

The third issue is governed by the decisions of the Board in *L. S. Ayers & Co.*, 1 B. T. A. 1135 and *Best Steel Castings Co.*, 6 B. T. A. 274. The Commissioner's action in regard to this issue is therefore reversed.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*